**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JAMES GLENN WHITE** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 4:26-cv-176-SA-JMV**

**STATE FARM INSURANCE COMPANY, AND**
**OLLIA STOKES JOHNSON** **DEFENDANTS**

**ORDER REQUIRING THE PARTIES TO FILE BRIEFS**

This matter is before the Court upon Defendant State Farm Insurance Company's Amended Notice of Removal and Response to the Court's Order to Show Cause [Doc. 8], to require the parties to brief several issues that have been raised in both the Court's Order to Show Cause [Doc. 5] and Defendant's Amended Notice of Removal and Response [Doc. 8].

Defendant State Farm Insurance Company removed this case to federal court, alleging that the requirements of 28 U.S.C. § 1332 have been met since there is complete diversity between the parties and since the amount in controversy is in excess of $75,000, exclusive of interest and costs. [Docs. 1, 8].

First, as to diversity of citizenship, Defendant State Farm Insurance Company insists that complete diversity exists despite Plaintiff and Defendant Johnson both being citizens of Mississippi. [Doc. 8]. Defendant State Farm Insurance Company urges the Court to disregard Defendant Johnson's citizenship for purposes of diversity jurisdiction because she "is an improperly joined defendant, named for the purpose of defeating diversity, against whom no claim for relief has been made. Alternatively, she is no more than a nominal defendant." *Id.* Therefore, the parties are directed to brief their positions as to whether Defendant Johnson has been improperly joined and whether Defendant Johnson is only a nominal party.

Second, as to the amount in controversy, Defendant State Farm Insurance Company argues that "it is facially apparent the amount in controversy requirement is met" based on several facts, including the unlimited claim for punitive damages. *Id.* The Court is aware, however, that the stated estimate of damage to Plaintiff's vehicle is $5,491.05. Therefore, the parties are directed to brief their positions as to whether the amount in controversy is sufficient to invoke federal jurisdiction.

Accordingly, Defendant State Farm Insurance Company shall have fourteen (14) days from the date of this Order, or by October 13, 2026, to file a brief in support of its positions as outlined above. Plaintiff shall have fourteen (14) days from the date of service of Defendant State Farm Insurance Company's brief to file a brief in support of its positions as outlined above. Should Defendant State Farm Insurance Company desire to file a rebuttal brief, it may do so within seven (7) days after the service of Plaintiff's brief.

**SO ORDERED** this, the 28th day of September, 2026.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**